1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

8

## SOUTHERN DISTRICT OF CALIFORNIA

9

10   MARIO AUSANO, and NORMA
     AUSANO,
11
                                Plaintiffs,
12        v.

13   BAC HOME LOANS SERVICING, LP, a
     limited partnership, et al.,
14
                                Defendants.
15

Case No. 10cv4 BTM (WVG)

**ORDER RE MOTIONS TO DISMISS**

16        There are two pending motions to dismiss the Second Amended Complaint ("SAC").

17   The first was filed by Defendants BAC Home Loans Servicing, LP and Countrywide Home

18   Loans, Inc. [Doc. 26], and the second by Defendant PNC Bank, National Association[1] [Doc.

19   27].  Plaintiffs has not filed oppositions, and the Court **GRANTS** both motions.

20
21
                                **I. BACKGROUND**[2]
22        Plaintiffs are suing Defendants over two loans secured by deeds of trust on their home

23   at 1402 Granite Springs Drive, Chula Vista, CA 91915.  They allege a variety of claims

24   related to the origination of the mortgages and, in addition to wanting to prevent foreclosure,

25   _____

26        [1]  PNC Bank, National Association is the successor to National City Bank, which
     originated one of the loans at issue here.  The Court will alternatively refer to National City
27   and PNC Bank, but where appropriate references to National City should also be construed
     as references to the successor, PNC Bank, National Association.

28        [2]  The following are merely the Plaintiffs' allegations and are not the Court's factual
     findings.

1    they seek damages and rescission of the loans.

2        Plaintiffs refinanced their home on February 7, 2005, obtaining financing from

3    Defendant Countrywide on a first loan, and a home-equity line of credit from Defendant

4    National City on a second loan.  The two loans are secured by their home.[3]  Defendant BAC

5    Home Loan is the current servicer of the first loan, and Defendant PNC Bank is the servicer

6    on the second loan.

7        Diego Palomera, an agent of "Countrywide and/or National City," negotiated the loan

8    and filled out the loan application for them.  (SAC ¶¶ 17, 22.)  Palomera used inflated income

9    figures in order to get them a loan they could not afford.  And they could not verify what

10   Palomera wrote because Plaintiffs speak only Spanish and do not speak, read, or write

11   English.  They were therefore unaware of the false information Palomera wrote on the

12   application.  Plaintiffs also did not receive required disclosures under federal law when they

13   executed the loans.

14       Plaintiffs filed their original complaint in October 2009 and have twice amended it.

15   Defendants have moved to dismiss the SAC on several grounds, and the Court addresses

16   each below.

17

18                              **II.  LEGAL STANDARD**

19       Under Federal Rule of Civil Procedure 8(a)(2), the plaintiff is required only to set forth

20   a "short and plain statement of the claim showing that the pleader is entitled to relief," and

21   "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

22   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  When reviewing a motion to

23   dismiss, the allegations of material fact in plaintiff's complaint are taken as true and

24   construed in the light most favorable to the plaintiff.  *See Parks Sch. of Bus., Inc. v.*

25   *Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995).  But only factual allegations must be

26   accepted as true—not legal conclusions.  *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

27   _____

28       [3]  Plaintiffs do not specifically make this allegation, but the Court takes judicial notice
     of the deed of trust attached to Countrywide's motion to dismiss.

"Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Although detailed factual allegations are not required, the factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Furthermore, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 129 S. Ct. at 1949.

## III. DISCUSSION

**1.     Intentional Misrepresentation**

Plaintiffs' first claim is for intentional misrepresentation.  The elements of an intentional-misrepresentation claim are (1) a misrepresentation; (2) knowledge of its falsity; (3) intent to induce reliance; (4) justifiable reliance; and (5) resulting damage. *Anderson v. Deloitte & Touche*, 56 Cal. App. 4th 1468, 1474 (1997).  In addition to stating facts for each element, a claim for negligent misrepresentation must be alleged with particularity under Rule 9(b).  *Neilson v. Union Bank of California*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003) (citing *Glen Holly Entertainment, Inc. v. Tektronix, Inc.*, 100 F. Supp. 2d 1086, 1093 (C.D. Cal. 1999).  That means a complaint "must adequately specify the statements it claims were false or misleading, give particulars as to the respect in which plaintiff contends the statements were fraudulent, state when and where the statements were made, and identify those responsible for the statements." *In re GlenFed, Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc).  And a complaint cannot lump defendants together; plaintiffs must "differentiate their allegations when suing more than one defendant . . . and inform each defendant separately of the allegations surrounding his alleged participation in the fraud." *Swartz v. KPMG LLP*, 476 F.3d 756, 764–65 (9th Cir. 2007).

Plaintiffs fail to plead their intentional-misrepresentation claim with particularity.  Their allegations are too general.  In paragraph 55 of the SAC, they list seven supposed misrepresentations, but do not say who made them or when.  Instead, they lump National City and Countrywide together, and allege that the Defendants made the misrepresentations "[d]uring the loan transaction and to date," an indefinite period of time.  (SAC ¶ 55.)  This

simply is not enough.  And although Plaintiffs allege with some specificity that Diego Palomera filled out the loan application for them, they allege that he was the agent of "Countrywide *and/or* National City" (emphasis added).  (SAC ¶ 17.)  So it is unclear for whom Mr. Palomera actually worked.  Plaintiffs have therefore failed to allege their intentional-misrepresentation claim with particularity.

Plaintiffs' intentional-misrepresentation claim is also barred by the statute of limitations.  The statute of limitations for this claim is three years, Cal. Civ. Code § 338(d), starting from when a plaintiff discovered or should have discovered the fraud, *see Goldrich v. Natural Y Surgical Specialties, Inc.*, 25 Cal. App. 4th 772, 779 (1994).  Plaintiffs filed their action in October 2009, over three years after they allegedly executed the loans at issue here.  For these reasons, the Court dismisses the intentional-misrepresentation claim in its entirety.

**2.   Fraudulent Concealment**

Plaintiffs' second claim is one for fraudulent concealment.  The elements of this claim are "(1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage." *Marketing West, Inc. v. Sanyo Fisher (USA) Corp.*, 6 Cal. App. 4th 603, 612-613 (1992).  Like intentional misrepresentation, a claim for fraudulent concealment must be pled with particularity.  *See Estrada v. Countrywide Home Loans, Inc.*, No. 10cv503, 2010 WL 2197344, at *1 (S.D. Cal. May 27, 2010).

Plaintiffs' fraudulent concealment claim is just as vague as their claim for intentional misrepresentation.  They fail to allege the who, where, when and why.  Moreover, they fail to allege any basis to show that Defendants owed them a duty to disclose whatever facts

were allegedly concealed.  The Court dismisses the fraudulent concealment claim in its entirety.

### 3.    California Civil Code § 1632, Failure to Provide Spanish Translations

Plaintiffs' third cause of action is for a violation of California Civil Code § 1632,[4] which in certain situations requires companies to give consumers translations of relevant transaction documents if the transaction was negotiated in some language other than English.  *See* Cal. Civ. Code § 1632.  But loans secured by real property are generally exempted from § 1632 and the requirement to translate documents.  *See* Cal. Civ. Code §§ 1632(b)(2), (4); *Orozco v. DHI Mortg. Co. LTD, LP*, No. 09cv1894, 2010 WL 2757285, at *6 (S.D. Cal. July 13, 2010) ("Loans and extensions of credit secured by real property are generally excluded from [the] requirement" to translate loan documents.).  The only loans secured by real property that are not exempted are ones negotiated by a real-estate broker. *See* Cal. Civ. Code § 1632(b)(4).  But Plaintiffs have not alleged that any of the Defendants are real-estate brokers as defined under California law.  *See* Cal. Bus. & Prof. Code § 10240(b) (defining real estate broker as person who "solicits borrowers, or causes borrowers to be solicited, through express or implied representations that the broker will act as an agent in arranging a loan, but in fact makes the loan to the borrower from funds belonging to the broker").

Even if Plaintiffs did allege Defendants were real-estate brokers, their claim would be barred by the one-year statute of limitations for § 1632 claims.  *See* Cal. Civ. Code § 304(a); *Orozco*, 2010 WL 2757285, at *6 (listing cases).  Plaintiffs received their loan in 2005, but did not file suit until 2009.  Equitable tolling does not apply because it would have been obvious to Plaintiffs, even if they cannot read English, that they did not get Spanish translations of the loan documents.

---

[4] The Court notes that Plaintiffs have alleged this claim against World Savings and EJ Mortgage, but they are not defendants in this action.  In any case, their allegations fail to state a claim regardless of who the allegations are made against.

**4.      Quiet Title**

Plaintiffs' fourth claim is one to quiet title.  To state a quiet-title claim, California law requires that the complaint be verified and include (1) a legal description and common designation of the property, (2) the title of the plaintiff and its basis, (3) the adverse claims to the plaintiff's title, (4) the date as of which the determination is sought, and (5) a prayer that title is quieted in the plaintiff.  *See* Cal. Civ. Proc. Code § 761.020.  Moreover, if the plaintiff has mortgaged the property, he must discharge the debt before a court will quiet title. *Miller v. Provost*, 26 Cal. App. 4th 1703, 1706 (1994).

Here, the SAC is not verified and Plaintiffs do not allege that they have discharged their debt.  The Court therefore dismisses Plaintiffs' quiet-title claim.

**5.      Real Estate Settlement Procedures Act**

Plaintiffs' fifth claim is for a violation of the Real Estate Settlement Procedures Act ("RESPA").  Plaintiffs allege Defendants violated RESPA in several ways, and the Court addresses each below.

A.      <u>Statute of Limitations</u>

RESPA claims must be brought within at most three years of the date of the alleged violation; some must be brought within one year.  *See* 12 U.S.C. § 2614 (three years for violations under § 2605; one year for violations under §§ 2607, 2608).  Because all Plaintiffs' RESPA claims arose out of the loan origination, which was over three years before they filed this action, the only way their claims survive if they are equitably tolled.

"Equitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim." *Santa Maria v. Pac. Bell*, 202 F.3d 1170, 1178 (9th Cir. 2000).  Although Plaintiffs claim they could not read the loan documents, a diligent plaintiff would have the documents translated before the statute of limitations had expired or would have otherwise discovered any irregularities in the transaction documents which they had in their possession.  The Court therefore dismisses

the RESPA claims on this ground, but there are additional grounds to dismiss them.

B. <u>No Cause of Action for RESPA Disclosure Violations</u>

Plaintiffs allege National City and Countrywide failed to make certain required disclosures during the loan origination, including a good-faith estimate of the real-estate settlement charges.  But there is no private cause of action for failure to provide RESPA disclosures.  *Ambriz v. Equifirst Corp.*, No. 09cv2387, 2010 WL 2754248, at *1 (S.D. Cal. July 9, 2010) ("Courts have consistently held there is no private right of action for alleged RESPA disclosure violations during the loan origination process.") (citing *Collins v. FMHA-USDA*, 105 F.3d 1366, 1367–68 (11th Cir. 1997).  The Court therefore dismisses Plaintiffs' RESPA claim to the extent it is based on RESPA disclosure violations at origination.

C. <u>Improper Kickbacks and Fees</u>

Plaintiffs allege National City and Countrywide violated 12 U.S.C. § 2607 by "providing a person with a fee, kickback or thing of value" in exchange for a referral of a mortgage loan.  (SAC ¶ 118.)  Plaintiffs' allegation is conclusory and merely parrots the statutory language of § 2607(a), which says that "[n]o person shall give and no person shall accept any fee, kickback, or thing of value" in exchange for a referral.  *See* 12 U.S.C. § 2607(a).  There are no facts supporting the allegation.  Plaintiffs also filed suit after the one-year deadline for this type of RESPA violation.  *See* 12 U.S.C. § 2614.  The Court dismisses Plaintiffs' RESPA claim for improper fees.

D. <u>Title Insurance Claim</u>

Plaintiffs also claim that Defendants National City and Countrywide violated 12 U.S.C. § 2608 by "requiring, directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company."  (SAC ¶ 119.)  This allegation again merely parrots the language of RESPA, which says that "[n]o seller of property that will be purchased with the assistance of a

federally related mortgage loan shall require directly or indirectly, as a condition to selling the property, that title insurance covering the property be purchased by the buyer from any particular title company." 12 U.S.C. § 2608(a).  Plaintiffs fail to allege any facts supporting their claim and the Court must dismiss it.  *See Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

E.  Mortgage Servicing Claim

Plaintiffs also allege that the mortgage servicers BAC Home Loans and PNC Bank violated RESPA, 12 U.S.C. § 2605(a), (b), by "failing to disclosure [sic] assignment, sale, or transfer of loan servicing and failing to provide Plaintiffs of notice of any of changes [sic] in the servicer/owner/investor of the loans."  (SAC ¶ 120.)  The claim is utterly conclusory.  It does not allege when servicing duties were transferred, if at all, and fails to allege Plaintiffs suffered actual damages as a result of the alleged violation.  *See Iqbal*, 129 S. Ct. at 1949 (conclusory allegations must be dismissed); *Eronini*, 2010 WL 737841, at *1 (plaintiff must suffer actual damages under § 2605).  This claim, too, must be dismissed.

The Court dismisses Plaintiffs' RESPA claim in its entirety.

**6.   Truth in Lending Act**

Plaintiffs' sixth claim is for a violation of the Truth in Lending Act ("TILA").  A plaintiff can seek two types of remedies under TILA: damages and rescission of the loan.  15 U.S.C. § 1640(a) (damages), § 1635 (rescission).  For damages, a plaintiff must file the action within a year of making the loan.  15 U.S.C. § 1640(e); *see King v. California*, 784 F.2d 910, 915 (9th Cir. 1986).  Here, Plaintiffs filed their action well over a year after the loan origination and so their TILA claim is time barred.  And as the Court explained above, equitable tolling does not apply to Plaintiffs' claim due to their lack of diligence.

Plaintiffs' TILA rescission claim must also be dismissed.  TILA rescission claims have a strict statute of limitations of three years, and equitable tolling cannot enlarge the limitations

1  period.  *Beach v. Ocwen Fed. Bank*, 523 U.S. 410, 412–13 (1998) ("§ 1635(f) completely

2  extinguishes the right of rescission at the end of the 3-year period" under TILA, even if lender

3  never made the required disclosures).  Plaintiffs executed the loans in 2005 and filed this

4  action in 2009, so their rescission claim fails.

5          The Court dismisses the TILA claim in its entirety.

6

7  **7.      California Business and Professions Code § 17200**

8          Plaintiffs' last claim is one for a violation of California Business and Professions Code

9  § 17200.  Section 17200 "'borrows' violations of other laws and treats" them as unlawful

10  business practices independently actionable under section 17200."  *Farmers Ins. Exch. v.*

11  *Superior Court*, 2 Cal. 4th 377, 383 (1992).  "Violation of almost any federal, state, or local

12  law may serve as the basis for a[n] [unfair competition] claim."  *Plascencia v. Lending 1st*

13  *Mortg.*, 583 F. Supp. 2d 1090, 1098 (N.D. Cal. 2008) (citing *Saunders v. Superior Court*, 27

14  Cal. App. 4th 832, 838–39 (1994)).

15          All Plaintiffs' other claims have been dismissed, so there are no predicate violations

16  for the § 17200 claim.  The Court dismisses the § 17200 claim in its entirety.

17

18                                    **IV.  CONCLUSION**

19          For the foregoing reasons, the Court **GRANTS** both motions to dismiss [Docs. 26, 27].

20  The Court **DISMISSES** the SAC in its entirety.  If they choose to do so, Plaintiffs must file

21  their Third Amended Complaint within fourteen days of the filing of this order.  This is their

22  last chance to amend, and failure to do so will result in a final judgment of dismissal.

23  **IT IS SO ORDERED.**

24  DATED:  August 31, 2010

25

26                                    Honorable Barry Ted Moskowitz
                                      United States District Judge

27

28